UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BARBARA A. ANCINA,<br><br>         Plaintiff,<br><br>v.<br><br>THE CITY OF RENO,<br><br>         Defendant. | 3:10-CV-0449-LRH-WGC<br><br>ORDER |

Before the court is defendant the City of Reno's ("City") motion for summary judgment. Doc. #18.[1] Also before the court is plaintiff Barbara A. Ancina's ("Ancina") cross-motion for summary judgment. Doc. #19.

**I.   Facts and Background**

This action arises out of Ancina's employment with the City as a secretary in the criminal division of the City Attorney's Office. Ancina was hired in 1999. In 2008, Ancina suffered a work-related injury and was awarded worker's compensation. Ancina also requested and received leave under the Family Medical Leave Act ("FMLA") to have surgery for her work-related carpal tunnel syndrome.

In January 2010, Ancina was terminated in conjunction with an ongoing reduction in force

---

[1] Refers to the court's docket number.

related to the City's serious budgetary constraints. At the time of her termination, Ancina was 59 years old, had been with the City for 11 years, and had never received work-related discipline. The three non-terminated secretaries, Michelle Sarkisian ("Sarkisian"), Tina Tangdit ("Tangdit"), and Jeannie Robison ("Robison"), were younger than Ancina, had been there for significantly less time, and had all received some form of written or oral discipline during their employment.[2]

Subsequently, on July 20, 2010, Ancina filed a complaint against the City alleging three causes of action: (1) age discrimination; (2) worker's compensation retaliation; and (3) and FMLA retaliation. Doc. #1. Thereafter, the City filed the present motion for summary judgment as to all Ancina's claims. Doc. #18. In response, Ancina filed the present cross-motion for summary judgment as to her age discrimination claim. Doc. #19.

**II.   Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could

---

[2] At the time of Ancina's termination, Tangdit was 39 years old, had been employed with the City for ten (10) years, and received one oral and four written reprimands during that time; Robison was forty-nine, had been employed for three (3) years, and received one oral reprimand during that time; and Sarkisian was only twenty-one, had been employed for four (4) years, and received two oral and two written reprimands.

2

find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

Where, as here, parties filed cross-motions for summary judgment on the same claims before the court, the court must consider each party's motion separately and on its own merits. *Fair Hous. Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted). Accordingly, "the court must consider the appropriate evidentiary material identified and submitted in support of both motions, and opposition to both motions, before ruling on each of them." *Id*. at 1134.

**III.    Discussion**

    **A. Age Discrimination**

The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer "to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1); *accord* N.R.S. § 613.330(1)(a). To prove a *prima facie* case of age discrimination, a plaintiff must show that: (1) she was at least forty years old; (2) she was performing her job satisfactorily; (3) she was discharged; and (4) she was replaced by a substantially younger employee with equal or inferior

qualifications. *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).

In its motion for summary judgment, the City concedes that Ancina has established the first three elements of a *prima facie* case of age discrimination. *See* Doc. #18. However, the City contends that Ancina has failed to provide any evidence establishing that she was replaced by a younger employee, and therefore, cannot maintain her ADEA action. The City's position is without merit. In reduction in force actions, a plaintiff only need establish that they were discharged under circumstances giving rise to an inference of age discrimination. *Id*.

Here, the undisputed evidence establishes that Ancina, as the oldest employee with the most time with the City and the best work history, was terminated while substantially younger employees, with less employment time and more work-related discipline, were not terminated. Thus, for purposes of both motions for summary judgment, the court finds that Ancina has established a *prima facie* case of age discrimination.

Once a plaintiff carries the initial burden of establishing *prima facie* discrimination, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the defendant provides such a justification, the burden shifts back to the plaintiff to show "that age was the 'but-for' cause of the employer's adverse action." *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2351 (2009); *accord Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000).

The court has reviewed the documents and pleadings on file in this matter and finds that there are disputed issues of material fact that preclude summary judgment to either party in this matter. When viewing the evidence in the light most favorable to the City in response to Ancina's motion, the evidence establishes that William Gardner ("Gardner"), Ancina's supervisor and the Chief Criminal Deputy in the City Attorney's Office, had legitimate non-discriminatory reasons to terminate Ancina and that age was not the but-for cause of her termination. Specifically, the evidence establishes that Gardner made his decision on several factors including Ancina's request

to reduce her overall duties and be taken off of certain back-up duties, her difficulty in handling the new phone protocols, and her inability to accept the ongoing changes in the workplace. None of which are directly attributable to, or based on her age.

However, when viewing the evidence in the light most favorable to Ancina in response to the City's motion, the evidence establishes that age was the but-for cause of her termination. Ancina was terminated at the age of 59, three months short of her ability to draw retirement which would have cost the ailing City more money over the long term. Further, although her past employment performance was exemplary, Gardner made the decision to terminate her over younger secretaries with less time who had more work-related disciplinary problems. Thus, the court finds that when viewing the evidence in the favor of the non-moving parties there are disputed issues of fact as to whether there were legitimate nondiscriminatory reasons to terminate Ancina and whether age was the but-for cause of her termination thereby precluding summary judgment to either party.

**B. Worker's Compensation Retaliation**

In Nevada, an employee fired in retaliation for filing a worker's compensation claim may bring an action against the employer. *See Torre v. J.C. Penney Co.*, 916 F. Supp. 1029, 1030 (D. Nev. 1996). To support a claim for tortious discharge, a plaintiff must demonstrate that the filing of the worker's compensation claim was the proximate cause of the discharge. *See Allum v. Valley Bank of Nevada*, 970 P.2d 1062 (Nev. 1998).

Here, the City argues that the evidence establishes that Gardner did not know that Ancina had filed a worker's compensation claim, and therefore, there is no evidence that the filing of her worker's compensation claim was the proximate cause of her termination. However, viewing the evidence in the light most favorable to Ancina, the court finds that the evidence establishes that Gardner knew that Ancina had filed a worker's compensation claim because he signed the paperwork as her supervisor. Further, Gardner remarked to another coworker shortly after terminating Ancina that he "took care of that worker's compensation issue." Doc. #20, Exhibit L,

Denske Decl., p.1. Therefore, the court finds that there are disputed issues of fact as to whether the City discharged Ancina because of her worker's compensation claim and shall deny the City's motion as to this issue accordingly.

### C. FMLA Retaliation

The FMLA prohibits an employer from deterring an employee from exercising her rights under the FMLA. *See Bachelder v. American West Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001). In order to establish a retaliation claim, a plaintiff must prove by a preponderance of the evidence that taking the protected FMLA leave constituted a negative factor in the decision to terminate her employment. *Id*. At 1125.

Here, the City argues that the evidence establishes that Gardner did not know that Ancina had filed for FMLA leave, and therefore, there is no evidence that taking FMLA leave was a negative factor in his decision to terminate her. However, viewing the evidence in the light most favorable to Ancina, the court finds that Gardner knew that Ancina had requested and received FMLA leave because he signed the paperwork to allow her to take that leave. Therefore, the court finds that the City is not entitled to summary judgment on Ancina's FMLA claim.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. #18) and plaintiff's cross-motion for summary judgment (Doc. #19) are DENIED.

IT IS FURTHER ORDERED that the parties shall have thirty (30) days from entry of this order to file a joint proposed pre-trial order.

IT IS SO ORDERED.

DATED this 1st day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE